

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 19, 1961

Honorable Homer A. Davis          Opinion No. WW-1092
County Attorney
Dallam County                     Re:  Whether Dallam County has
Dalhart, Texas                         venue to prosecute for
                                       forgery a person who forged
                                       a check in El Paso, Texas,
                                       which was placed in an El
                                       Paso bank for collection
                                       through a Dalhart bank which
Dear Mr. Davis:                        honored the check.

You have requested an opinion from this Department constru-
ing the venue statute, Article 187 of the Code of Criminal Pro-
cedure, and stated the facts as follows:

"Our facts are simply this, that the person
forged a check in El Paso, Texas, which was
placed in an El Paso bank for collection through
a Dalhart bank.  The Dalhart bank failed to
notice the forgery and honored the check and has
thus suffered damages."

The question raised by you has not been passed upon by the
courts since Art. 187 was amended in 1921.

We have, however, found a case construing the venue statute
as it existed in 1895.  The statute at that time provided as
follows:
"The offense of forgery may be prosecuted in
any county where the written instrument was forged
or where the same was used or passed, or attempted
to be used or passed."

The case referred to is that of Thulemeyer v. State, 31 S.W.
659 (Tex.Crim. 1895), and involved the forgery of a State warrant
drawn on the State Treasury of Texas.  The name of the payee in
the warrant was forged in San Antonio, Bexar County, the warrant
cashed in a San Antonio bank, which bank proceeded to send it for
collection to an Austin bank.

The court quoted at length from an Alabama case and cited other cases resulting in the opinion that:

". . . the transaction constituting the forgery including the absolute transfer of the forged instrument, was consummated in Bexar county, and the defendant had no further control of the state treasury warrant, nor any interest therein. He, no doubt, anticipated that the bank would ultimately collect the money from the treasury at Austin, but to him that was a matter of indifference. He had his money, and it was immaterial, so far as he was concerned, whether the ultimate payment of the warrant was ever procured; and, in our opinion, our statute on the subject of venue in forgery cases has a reference to some act done by the alleged forger in the county in which he is sought to be prosecuted. And whether he does this act by himself, or through some agent or procurement, is immaterial in either case. He will be equally responsible. But where he has parted with the alleged forged instrument, and has no further property in the same, or control over, same, he cannot be prosecuted therefor in some other county, in which some other party that may have owned said instrument has subsequently passed it. Because the district court of Travis county has no jurisdiction of said offense, the judgment is reversed and cause remanded."

The venue statute relative to forgery was amended on three occasions and presently the existing law is Article 187, V.C.C.P. which reads as follows:

"Forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed, or deposited or placed with another person, firm, association or corporation either for collection or credit for the account of any person, firm, association or corporation. All forging and uttering, using or passing of forged instruments in writing which concern or affect the title to land in this State may be prosecuted in Travis County, or in the county in which such land, or any part thereof, is situated."

This statute, as amended, adds after the words "to be used or passed" of the old law, the following:  "or deposited or placed

with another person, firm, association or corporation either for collection or credit for the account of any person, firm, association or corporation. . ."

We find nothing in the amendment that would change the ruling in the Thulemeyer case.

We have made a search of annotated cases and the text books and do not find a recent case in point. We believe the statute is clear and unambiguous and that the decision in the Thulemeyer case, supra, properly states the rule. Therefore, it is our opinion that under the stated facts, exclusive venue would lie in El Paso County, Texas.

### SUMMARY

Where an act of forgery was completed under the provisions of Article 187, V.C.C.P., in El Paso County, venue to try the accused lies in El Paso County.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Harris Toler*

Harris Toler
Assistant Attorney General

HT/ca

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Ralph Rash
Pat Bailey
Milton Richardson
Watson C. Arnold

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt